IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REY HENRIQUEZ,** | : | CIVIL NO. 1:CV-11-1217 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| **MOORE SMEAL, et al.,** | : | |
| Respondents | | |

## MEMORANDUM

Rey Henriquez, an inmate confined at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondents are Shirley Moore Smeal, Secretary of the Pennsylvania Department of Corrections, the Superintendent of SCI-Coal Township, several employees at SCI-Coal Township and the Attorney General of Pennsylvania. As relief, Henriquez seeks an order directing Respondents to transfer him, via the Interstate Corrections Compact ("ICC"), to the New Jersey Department of Corrections to serve the remainder of his sentence. The required filing fee has been paid in this action. For the reasons that follow, the petition will be denied without prejudice.

**I.   Background**

Henriquez states that on August 9, 2010, he attempted to file a request for transfer from SCI-Coal Township to the State of New Jersey Department of Corrections pursuant to the Interstate Corrections Compact ("ICC")[1]. In October of 2010 he submitted request slips

---

[1] The Interstate Corrections Compact is an agreement between various States that allows for the transfer of inmates from a correctional facility in one compact State to a facility in another. See 61 Pa. C.S.A. §§ 7101-03.

regarding this issue to Deputy Ellett and Mr. Kaskie, both SCI-Coal Township employees who appear to be Respondents in this action. Henriquez states that although his counselor informed him that his request had been denied, he has never received an explanation for the denial. He further alleges that he filed grievances and appeals therefrom with respect to the denial through the prison grievance system. According to Henriquez, in denying his request for an ICC transfer, Respondents have violated their own code of ethics and failed to follow DOC policy and procedure. He believes his transfer is warranted given the prison overcrowding in Pennsylvania and the fact that the State of New Jersey also has a detainer against him. He also states that a transfer to New Jersey makes sense because his family is located there.

## II.     Discussion

This matter is before the Court for screening. 28 U.S.C. § 2243. The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petition under Rule 1(b)). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

It is well-settled that a prisoner who seeks to challenge either the fact or duration of his confinement must proceed by way of a habeas corpus petition, but that habeas is not the appropriate avenue of relief when the prisoner's claim will not affect the duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002), the Third Circuit held:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in the plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

From a careful review of the petition, it is clear that Henriquez does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. According to the allegations in the petition, he seeks to force the Pennsylvania Department of Corrections to transfer him via the Interstate Corrections Compact to the New Jersey Department of Corrections. There are no indications that the requested transfer would have any effect on the fact or duration of his confinement in prison other than where he would serve the remainder of his present sentence. Based on the injunctive nature of the relief sought, and a thorough review of the allegations in the pending filing, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Consequently, the petition will be denied as meritless without prejudice to any right Henriquez may have to reassert his present claims in a properly filed civil rights complaint.[2] An appropriate order follows.

---

[2] With this said, the Court expresses no opinion as to the merits of any civil rights claim raised by Henriquez challenging the denial by the Pennsylvania Department of Corrections of his request for an ICC transfer to New Jersey. The Court notes, however, that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REY HENRIQUEZ,** | : | CIVIL NO. 1:CV-11-1217 |
| Petitioner, | : | |
| | : | (**Chief Judge Kane**) |
| v. | : | |
| | : | |
| **MOORE SMEAL, et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW**, this 26th  day of July, 2011, for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied without prejudice** to any right Henriquez may have to reassert the instant claims in a properly filed civil rights action.

2. The Clerk of Court is directed to **close this case**.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania